IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RAYMOND K. THOMPSON,

            Plaintiff,                      ORDER

v.

                                                    23-cv-643-wmc

JAMIE BARKER and HAYLEE HOYT,

            Defendants.

---

    Plaintiff Raymond Thompson, an inmate at Stanley Correctional Institution who is representing himself, is proceeding on Eighth Amendment deliberate indifference and Wisconsin negligence claims against Health Services Unit Manager Jamie Barker and Nurse Haylee Hoyt. Dkts. 5 & 15. Thompson now moves to compel Barker to: (1) produce "DOC-029" in Barker's response to his requests for production; and (2) answer Interrogatory #2 in his first set of interrogatories, asking her to "[s]tate the names, titles and duties of all staff members of the Department of Corrections other than Defendant Barker who were responsible for denying the plaintiff orthotic shoes during the times described in the complaint." Dkt. 21; Dkt. 22-2, at 1. Barker initially objected to Interrogatory #2 on the grounds that it was "overly broad, unduly burdensome, and not proportional to the needs of the case." Dkt. 22-2, at 1-2. But she ultimately provided Thompson with supplemental discovery responses and now argues the motion to compel is moot. Dkt. 26. Thompson has not filed a reply brief.

    In light of Barker's updated responses, and absent a reply from Thompson disputing the sufficiency of her updated responses, the court will deny his motion to compel. First,

Barker's attorney represents that she re-mailed Thompson the page Bates numbered "DOC-029" on May 16, 2025, so there is nothing more for the court to compel Barker to produce. Burger Decl. (dkt. 27) ¶ 5. Second, in her updated response to Interrogatory #2, Barker renewed her previous objections, adding that it "inaccurately assumes facts not in evidence," but subject to those objections, she responded that she "was responsible for determining if an inmate meets the criteria for orthotic shoes and/or medical shoes based on the medical records and evaluations provided to me from other medical professionals." Dkt. 27-3, at 3. The court understands her response to mean that she had final decision-making authority for determining whether Thompson received orthotic or medical shoes, and no other staff were responsible for denying Thompson orthotic shoes. Indeed, in her opposition brief, Barker represents that she is the proper defendant in this lawsuit. Dkt. 26, at 1. With that understanding, there is nothing more for the court to compel as to Interrogatory #2.

Finally, defendants move for a four-day extension of the dispositive motions deadline, representing that counsel will be out of town and has many competing case deadlines. Dkt. 28. Having shown good cause, the court will grant defendants' motion, and the dispositive motions deadline is now July 11, 2025.

ORDER

IT IS ORDERED that:

1) Plaintiff Raymond Thompson's motion to compel, dkt. 21, is DENIED.

2) Defendants' motion to extend the dispositive motions deadline is GRANTED, and the dispositive motions deadline is now July 11, 2025.

Entered June 24, 2025.

BY THE COURT:

/s/

_____
ANITA MARIE BOOR
Magistrate Judge